[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bunting v. Styer,* Slip Opinion No. 2016-Ohio-5781.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5781

THE STATE EX REL. BUNTING, APPELLANT, *v.* STYER, PROS. ATTY., APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bunting v. Styer,* Slip Opinion No. 2016-Ohio-5781.]

*Mandamus—Sua sponte dismissal on the merits by the court of appeals is proper when a claimant obviously cannot prevail on the facts alleged in the complaint—Because a prosecuting attorney has discretion to determine when an alleged offense can be proved beyond a reasonable doubt, there is no clear duty to prosecute—Judgment denying a petition for a writ affirmed.*

(No. 2015-1670—Submitted May 3, 2016—Decided September 14, 2016.)

APPEAL from the Court of Appeals for Tuscawaras County, No. 2014 AP 12 0054, 2015-Ohio-3662.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Fifth District Court of Appeals denying the petition of appellant, Paul Edward Bunting, for a writ of mandamus.  Bunting

sought a writ ordering appellee, Tuscarawas County Prosecuting Attorney Ryan Styer, to prosecute Thomas Weaver for theft of a motorcycle. Because a prosecutor cannot be compelled to prosecute unless failing to do so is an abuse of discretion, Bunting does not have a clear legal right to a writ.

*Facts*

**{¶ 2}** After Bunting was sentenced to 18 years in prison in August 2000, Thomas Weaver, his friend, agreed to store Bunting's motorcycle on his farm until Bunting was released from prison. Bunting asserts that beginning in 2008, Weaver would not respond to Bunting's inquiries regarding his motorcycle. Bunting asked the Tuscarawas County sheriff in April and July 2012 to investigate a possible theft, but Bunting claimed he heard nothing from that office.

**{¶ 3}** In May 2013, Bunting sent an affidavit charging that Weaver had committed a criminal offense—theft of a motor vehicle—to the New Philadelphia Municipal Court. The affidavit was referred to Styer, the prosecutor. The sheriff's office then conducted an investigation and issued a report in August 2013. The report noted that the barn in which the motorcycle was stored had been destroyed by fire and that Weaver claimed that the motorcycle or its parts were not salvageable after the fire. The report concluded that there was no evidence of a criminal offense by Weaver. Styer refused to pursue any charges.

**{¶ 4}** Bunting then filed a complaint in mandamus against Styer in the Fifth District asserting that Styer had not fulfilled his duty to investigate and prosecute Weaver. The court of appeals dismissed the complaint. 2015-Ohio-3662, ¶ 18. Bunting has appealed.

*Analysis*

**Motions**

**{¶ 5}** Styer has filed a motion to dismiss Bunting's appeal, arguing that Bunting did not properly perfect his appeal by filing a memorandum in support of jurisdiction under S.Ct.Prac.R. 7.01(A) and 7.02. Bunting moved to strike the

motion. Because this case is an appeal of right governed by S.Ct.Prac.R. 6.01, a memorandum in support of jurisdiction is not required. Rather, an appellant need serve only a notice of appeal. S.Ct.Prac.R. 6.01(A). We deny the motion to dismiss and Bunting's motion to strike.

{¶ 6} In addition, Styer sought to have Bunting declared a vexatious litigator under S.Ct.Prac.R. 4.03. Bunting also moved to strike that motion. A litigant may be sanctioned when the court determines that "an appeal or other action is frivolous or is prosecuted for delay, harassment, or any other improper purpose." S.Ct.Prac.R. 4.03(A). "If a party habitually, persistently, and without reasonable cause engages in frivolous conduct under division (A) of this rule, the Supreme Court may, sua sponte or on motion by a party, find the party to be a vexatious litigator." S.Ct.Prac.R. 4.03(B). Styer argues that Bunting has filed numerous cases, including six in this court, that were all unsuccessful and "readily deemed to be frivolous."

{¶ 7} However, while Bunting has apparently filed numerous lawsuits and appeals, he has never been sanctioned in this court. Simply filing a losing case or appeal is not automatically "frivolous." *See, e.g., Ferron v. Video Professor, Inc.*, 5th Dist. Delaware No. 08-CAE-09-0055, 2009-Ohio-3133, ¶ 69 ("R.C. 2323.51 [the statute sanctioning frivolous conduct] does not purport to punish a party for raising an unsuccessful claim"). Styer has not demonstrated that Bunting has engaged in frivolous conduct, let alone that he has done so "habitually, persistently, and without reasonable cause." We deny the motion seeking to have Bunting declared a vexatious litigator and Bunting's motion to strike.

{¶ 8} Bunting also filed two motions to correct the clerk's designation of the prosecutor's counsel of record. When the case was docketed, the attorney general's office was designated in error as counsel for the prosecutor. The error was corrected. Bunting now asks the court to again designate the attorney general as the prosecutor's counsel. He cites S.Ct.Prac.R. 2.03(A), which allows a party to

change *its own* counsel of record. It does not allow the *opposing* party to change the designation. We deny the motions.

{¶ 9} Bunting also seeks reversal of the court of appeals' judgment under S.Ct.Prac.R. 16.07(B) because Styer failed to file a brief. That rule allows dismissal upon the failure of an appellee to file a brief "if the appellant's brief reasonably appears to sustain reversal." Bunting's brief does not do so. The motion is denied.

**Mandamus**

{¶ 10} To be entitled to a writ of mandamus, Bunting must establish a clear legal right to the requested relief, a clear legal duty on the part of Styer to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Bunting must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

**Sua Sponte Dismissal**

{¶ 11} Bunting asserts that the court of appeals erred by sua sponte dismissing his complaint. In the court of appeals, the prosecutor filed a motion to dismiss, but it was untimely. The court acknowledged the untimeliness but asserted that it had the power to dismiss the case sua sponte.

{¶ 12} Sua sponte dismissal of a case on the merits without notice is warranted only " 'when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.' " *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, ¶ 3, quoting *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14, and citing *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7.

{¶ 13} First, Bunting cannot claim he had no notice that the court might dismiss his case, as the prosecutor filed a motion to dismiss, albeit untimely. In his motion to strike the untimely motion to dismiss, Bunting anticipated that the court

might nevertheless consider it, because the memorandum supporting his motion to strike is largely a defense of his complaint on the merits. Second, as explained below, he cannot prevail on the face of his complaint. The court of appeals therefore did not abuse its discretion in dismissing the complaint.

**Civ.R. 15 Amendment of Complaint**

{¶ 14} Bunting also argues that the court of appeals should have granted him leave to amend his complaint under Civ.R. 15(A) before dismissing it sua sponte. In *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 549, 605 N.E.2d 378 (1992), cited by Bunting, the relator moved to amend his complaint, and the court of appeals denied the motion; we remanded to allow the amendment. In contrast, the record here shows no attempt by Bunting to tender an amended complaint or motion to amend his complaint. Bunting cannot invoke Civ.R. 15(A) if he made no attempt to amend his complaint.

**Citizen Affidavit**

{¶ 15} R.C. 2935.09(D) allows a private citizen to file an affidavit alleging a criminal offense:

> A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate.

R.C. 2935.09 must be read in pari materia with R.C. 2935.10, which prescribes the procedure to be followed once a citizen files a criminal complaint. *State ex rel. Strothers v. Turner*, 79 Ohio St.3d 272, 273, 680 N.E.2d 1238 (1997), citing *State v. Holbert*, 38 Ohio St.2d 113, 117, 311 N.E.2d 22 (1974). R.C. 2935.10(A) states:

> Upon the filing of an affidavit or complaint as provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant.

In this case, a municipal court referred Bunting's affidavit to the prosecutor.

{¶ 16} Bunting claims that Styer did not perform the investigation required in R.C. 2935.10 when an arrest warrant is not immediately issued. He claims that the investigation by the sheriff's office was insufficient to satisfy the statute and that the prosecutor was obligated to conduct an independent investigation.

{¶ 17} However, nothing in the statute indicates that the prosecutor cannot rely on the investigation of a law-enforcement official such as the sheriff to satisfy the obligation to investigate. It was reasonable for Styer to rely on the sheriff's investigation of the disappearance of Bunting's motorcycle.

{¶ 18} The prosecutor has no clear duty to prosecute the crime alleged by Bunting. Styer, upon review of the report, decided that there was an insufficient basis to justify filing a criminal charge. Prosecutors have wide discretion in deciding whether to prosecute a particular matter. *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 27, 661 N.E.2d 180 (1996) ("the decision whether to prosecute is discretionary, and not generally subject to judicial review"). Only when the failure to prosecute "constitutes an abuse of discretion" will a prosecutor be compelled to prosecute. *State ex rel. Murr v. Meyer*, 34 Ohio St.3d 46, 47, 516

N.E.2d 234 (1987); *State ex rel. Squire v. Taft*, 69 Ohio St.3d 365, 368, 632 N.E.2d 883 (1994).

{¶ 19} Bunting asserts that Styer's failure to prosecute in this case is an abuse of discretion partly because the evidence in the investigatory report is largely hearsay. However, the investigation was not so lacking as to constitute an abuse of discretion on the part of Styer. The prosecutor has the discretion to determine whether he could prove the alleged offense beyond a reasonable doubt with the evidence provided.

{¶ 20} And, as we have held before, RC. 2935.09 does not mandate prosecution of all offenses charged by affidavit. *State ex rel. Evans v. Columbus Dept. of Law*, 83 Ohio St.3d 174, 175, 699 N.E.2d 60 (1998). Therefore, the prosecutor has no clear duty to prosecute as requested by Bunting. We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

———————————

Paul Edward Bunting, pro se.

Ryan Styer, Tuscarawas County Prosecuting Attorney, and Robert R. Stephenson II, Assistant Prosecuting Attorney, for appellee.

———————————