[Cite as *State ex rel. Lehmann v. Kate*, 2020-Ohio-499.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, EX REL.<br>PAUL T. LEHMANN | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| Relator | |
| -vs- | |
| | Case No. 2019 AP 12 0046 |
| LINDA A. KATE, JUDGE,<br>COURT OF COMMON PLEAS<br>TUSCARAWAS COUNTY, OHIO | |
| Respondent | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Writ of Mandamus

JUDGMENT:     Denied

DATE OF JUDGMENT ENTRY:     February 12, 2020

APPEARANCES:

| For Relator | For Respondent |
|---|---|
| PAUL T. LEHMANN<br>165 County Road 425<br>Fayette, Missouri  65248 | JUDGE LINDA A. KATE<br>Court of Common Pleas<br>Tuscarawas County, Ohio<br>101 E. High Avenue<br>New Philadelphia, Ohio  44663 |

*Hoffman, P.J.*

**{¶1}** On December 9, 2019, Relator, Paul T. Lehmann, filed a Verified Petition for Writ of Mandamus against Respondent, Linda A. Kate, Judge of the Tuscarawas County Court of Common Pleas. Mr. Lehmann asks the Court to compel Judge Kate to issue an order directing her to enter a corrected judgment to conform with Civ.R. 58(B) requirements. The issue presented in Mr. Lehmann's writ is whether he was properly served, under Civ.R. 58(B), with certain judgments thereby triggering the 30-day notice of appeal period under App.R. 4(A)(1).

**{¶2}** Respondent, Judge Kate, did not file any responsive pleadings in this matter. However, sua sponte dismissal of a mandamus action is warranted "'when the claim stated in the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.' " (Citations omitted.) *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, 67 N.E.3d 755, ¶ 12.

### Factual background

**{¶3}** Mr. Lehmann is a resident of Howard County, Missouri and claims to be a "statutory heir" and "plaintiff" in the Estate of Carole Kies, Tuscarawas County Case No. 2017 ES 59150. [Verified Petition, ¶ 1] Judge Kate served as the presiding judge in the Kies estate. [*Id.*] According to Mr. Lehmann, Judge Kate closed the Kies estate, on August 19, 2019, with the following docket entries as indicated on the clerk of court's docket:

**{¶4}** 08/19/2019   JUDGMENT ENTRY – THE COURT HAVING MADE AN INDEPENDENT ANALYSIS OF ISSUES AND APPLICABLE LAW AND NO FURTHER OBJECTIONS HAVING BEEN TIMELY FILED TO MAGISTRATE'S DECISION OF 8/2/19, THE COURT APPROVES AND ADOPTS THE DECISION AND ORDERS IT ENTERED AS A MATTER OF RECORD.

{¶5}  08/19/2019  ENTRY APPROVING FOURTH, FINAL & DISTRIBUTIVE ACCOUNT

{¶6}  08/19/2019  RECORD ORDERED

{¶7}  08/19/2019  OBJECTIONS TO MAGISTRATE'S DECISION (8/2/19) OVERRULING LEHMANN'S FILINGS

{¶8}  [*Id.*, ¶ 3.]

{¶9}  After the probate court approved the fourth, final and distributive account and closed the Kies Estate, Mr. Lehmann filed a "Motion to Correct Mistake in Judgment" on November 4, 2019. In this motion, attached as Exhibit B to his Verified Petition for Writ of Mandamus, Mr. Lehmann indicated he intends to challenge the probate court's decision closing the Kies Estate by way of an appeal, but claims he cannot do so until the probate court incorporates Civ.R. 58(B) language in the document that closes the estate. Thus, Mr. Lehmann asked the probate court to add Civ.R. 58(B) language so he could pursue an appeal.

{¶10}  In the present matter, Mr. Lehmann admits the first and fourth docket entries on August 19, 2019 are not at issue in his petition and only the second and third docket entries are grounds for closing the Kies Estate. [*Id.*, ¶ 4.] Mr. Lehmann alleges he was not formally served with the second and third docket entries as required by Civ.R. 58(B) and instead, learned about the closing of the Kies Estate from the Tuscarawas County Clerk of Courts' online docket. [*Id.*, ¶ 5.] Mr. Lehmann maintains that under App.R. 4(A)(3), the 30-day period to file a notice of appeal begins to run on the date the clerk of courts actually completes service under Civ.R. 58(B). [*Id.*, ¶7] Therefore, he concludes he cannot file a notice of appeal until the probate court enters a conforming judgment

under Civ.R. 58(B) and the clerk of courts serves him with notice of the judgment. [*Id.*, ¶9(a),(b),(d)] Finally, Mr. Lehmann requests guidance from this Court regarding how to proceed with his appeal. [*Id.*, ¶ 8.]

### Writ of mandamus standard

**{¶11}** For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. (Citations omitted.)  *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983). "Mandamus is an extraordinary remedy 'to be issued with great caution and discretion and only when the way is clear.' " *State ex rel. Taylor v. Glasser,* 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977), citing *State ex rel. Kriss v. Richards,* 102 Ohio St. 455, 457 132 N.E. 23 (1921), and *State ex rel. Skinner Engine Co. v. Kouri,* 136 Ohio St. 343, 25 N.E.2d 940 (1940), paragraph one of the syllabus.

### Legal analysis

**{¶12}** Subsequent to the filing of Mr. Lehmann's writ, on December 19, 2019, Judge Kate issued two Nunc Pro Tunc Judgment Entries. The *first* "Final Nunc Pro Tunc Entry" approves the final accounts filed by the fiduciaries of the Estates, Guardianships, and Trusts. It contains Civ.R. 58(B) language and specifically orders the clerk to serve Paul Lehmann with a copy of the entry. The *second* "Judgment Entry Nunc Pro Tunc: Endorsement of Direction to Clerk as to Service Added" approves and adopts the Decision and Orders of the Magistrate's Decision issued on August 2, 2019. In this same entry, Judge Kate also denied Mr. Lehmann's Motion and Amended Motion for Summary Judgment; denied Mr. Lehmann's objections to the final account; and denied Mr.

Lehmann's Complaint for Concealment on the basis that it has no merit. Judge Kate also noted the Judgment Entry acknowledges and confirms the judgment already entered on August 19, 2019. This *second* Nunc Pro Tunc Judgment Entry also included Civ.R. 58(B) language requiring service on Mr. Lehmann.

**{¶13}** Finally, the clerk's docket demonstrates the clerk served Mr. Lehmann with copies of the two December 19, 2019 Nunc Pro Tunc Judgment Entries by ordinary U.S. mail. Therefore, under Civ.R. 58(B), Mr. Lehmann has been properly served with the Nunc Pro Tunc Entry approving the fourth, final distributive account, as well as Judge Kate's Judgment Entry addressing his pending motions/complaint. The third docket entry stating, "RECORD ORDERED" contains no documents that require service to any of the parties, including Mr. Lehmann.

**{¶14}** Having properly served Mr. Lehmann under Civ.R. 58(B), we find the relief he requests in his writ is now moot and we deny the Writ of Mandamus. *See State ex rel. Kirk v. Burcham*, 82 Ohio St.3d 407, 408, 696 N.E.2d 582 (1998), citing *State ex rel. Jerninghan v. Cuyahoga Court of Common Pleas*, 74 Ohio St.3d 278, 279, 658 N.E.2d 723 (1996). "A writ of mandamus will not issue to compel an act already performed."

**{¶15}** The clerk of courts is hereby directed to serve upon all parties not in default

notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

**{¶16}** WRIT DENIED.

**{¶17}** COSTS TO RELATOR.

**{¶18}** IT IS SO ORDERED.

By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur