[Cite as *State ex rel. Whittaker v. Lucas Cty. Prosecutor's Office*, 2020-Ohio-4093.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio, ex rel. Michael Whittaker       Court of Appeals No. L-19-1287

    Relator

v.

Lucas County Prosecutor's Office              **DECISION AND JUDGMENT**

    Respondent                            Decided:  August 10, 2020

\* \* \* \* \*

Michael Whittaker, pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and
John A. Borell, Assistant Prosecuting Attorney, for respondent.

\* \* \* \* \*

**SINGER, J.**

{¶ 1} This matter is before the court upon the filing of a motion for summary judgment by relator, Michael Whittaker, and a memorandum in opposition filed by respondent, Lucas County Prosecutor's Office, who also seeks summary judgment.

{¶ 2} Relator has also filed a motion to file a supplemental memorandum asserting he has more recently obtained access to legal research and wishes to submit more relevant case law to support his arguments. He later filed a motion for leave to file instanter a reply memorandum to respondent's memorandum in opposition to summary judgment. We hereby deny relator's motion to file a supplemental memorandum but grant him leave to file a reply memorandum instanter.

{¶ 3} In the complaint for a writ of mandamus, relator asserts he filed a "criminal complaint" pursuant to Crim.R. 3 and R.C. 2935.09(D) by mailing it to the Lucas County Clerk of Courts. He also alleges he submitted the affidavit required by R.C. 2935.09(D). He further asserts the clerk did not assign a case number to the complaint and did not file the complaint. Instead, she forwarded his paperwork to a reviewing judge. On April 25, 2019, the Lucas County Prosecutor's Office sent relator a letter stating that it must prosecute felony offenses by indictment and that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution barred further prosecution.

{¶ 4} In response, relator filed this mandamus action for a writ to compel the Lucas County prosecutor to consider his R.C. 2935.09(D) "criminal complaint" and whether further charges could be filed against Courtnie Lykans and Ronald Collins Jr. for felonious assault. Relator asserts in his complaint for mandamus that while his minor child was in the temporary care of Lykans and Collins, they repeatedly abused and neglected the child. Respondent further asserts the prosecutor should charge these individuals with felonious assault despite their conviction of felony child endangering.

2.

**{¶ 5}** To be entitled to mandamus relief, the relator "must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of respondents to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Evans v. Tieman*, 157 Ohio St.3d 99, 2019-Ohio-2411, 131 N.E.3d 930, ¶ 11, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13.

**{¶ 6}** Pursuant to Civ.R. 56(C), summary judgment is appropriate only when it is clear "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66-67, 375 N.E.2d 46 (1978). The burden of establishing that summary judgment is an appropriate remedy always remains on the moving party. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997). The moving party bears the initial burden of coming forward with a basis for summary judgment, identifying the evidence in the record which establishes there is no genuine issue of material fact and also identifying the essential elements of one or more of the nonmoving party's claims that are not supported by the record. *Id*. at 430.

3.

**{¶ 7}** R.C. 2935.09(D) provides in pertinent part that

> [a] private citizen having knowledge of the facts who seeks to cause an
> arrest or prosecution under this section may file an affidavit charging the
> offense committed with a reviewing official for the purpose of review to
> determine if a complaint should be filed by the prosecuting attorney or
> attorney charged by law with the prosecution of offenses in the court or
> before the magistrate.

This statute must be read in pari materia with R.C. 2935.10(A), which sets forth the procedure that must be filed when the affidavit charges the commission of a felony. Once a private citizen files an affidavit charging the commission of a felony, the reviewing official must issue an arrest warrant or refer the matter to the prosecuting attorney for investigation of the facts unless the official concludes the citizen did not file the affidavit in good faith or it is meritless. *Id.*

**{¶ 8}** Neither statute mandates the prosecutor prosecute an offense alleged in the affidavit. *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, 67 N.E.3d 755, ¶ 20, citing *State ex rel. Evans v. Columbus Dept. of Law*, 83 Ohio St.3d 174, 175, 699 N.E.2d 60 (1998); *State ex rel. Boylen v. Harmon*, 107 Ohio St.3d 370, 2006-Ohio-7, 839 N.E.2d 934, ¶ 6. A prosecutor has wide discretion in prosecuting a particular offense, which is reviewable only for an abuse of discretion. *Bunting* at ¶ 18.

**{¶ 9}** Because the decision to prosecute is a discretionary determination, it is generally not subject to judicial review. *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385,

4.

667 N.E.2d 1197 (1996). However, a court will compel a prosecuting attorney "to prosecute a complaint * * * when the failure to prosecute constitutes an abuse of discretion." *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 27, 661 N.E.2d 180 (1996). To establish an abuse of discretion, the relator must demonstrate that the prosecuting attorney's decision was "unreasonable, arbitrary or unconscionable." *Id*.

{¶ 10} In his motion for summary judgment, relator asserts that the Lucas County Prosecutor's Office abused its discretion by refusing to prosecute these individuals for felonious assault. Furthermore, relator asserts felonious assault and child endangering are not allied offenses, the negotiated plea did not involve a plea to a lesser offense of felonious assault and did not bar further prosecution, and the Double Jeopardy Clause is not applicable.

{¶ 11} Respondent argues it did not have any evidence to establish that these individuals caused the injuries to the child. In support, respondent has supplied us with the transcript of the plea hearings wherein the state presented the evidence it would have admitted to support convictions for child endangering. Respondent further contends that after it presented the evidence to the grand jury, it issued an indictment for felony child endangering. Because Crim.R. 7(A) requires that felony charges be prosecuted by indictment, respondent asserts it has no further recourse.

{¶ 12} In its memorandum in opposition, respondent argues relator is not entitled to summary judgment because he did not submit any evidence in support of his claims. We agree.

5.

{¶ 13} Relator carries the burden of establishing the facts supporting his claim. Relator has not presented any evidence that the prosecutor acted in an unreasonable, arbitrary, or unconscionable manner. Respondent reviewed appellant's R.C. 2935.09(D) "criminal complaint" and determined further charges could not be pursued against these individuals. Relator presented no evidence to support a finding that respondent abused its discretion.

{¶ 14} While relator submitted an affidavit of his knowledge of the facts relating to this case, a copy of a partial findings of fact by the juvenile court in the juvenile case alleging the child is abused, neglected, and dependent; a 2019 case review assessment of the child's status by the Ohio Department of Job and Family Services; a letter from relator's attorney notifying relator that his child had been adjudicated abused in the care of Lykans and Collins, neglected due to delay in seeking medical care, and dependent because both parents are incarcerated and unable to care for her. His attorney further notified relator that his child's injuries were determined to from "non-accidental trauma" and that some injuries were found to be consistent with "shaken baby syndrome"; and certified copies of the child's doctor's medical records as of December, 2018; his child's medical bill relating to her injuries; and an e-mail to relator regarding his child's current status.

{¶ 15} However, relater did not submit any evidence that the child's injuries were caused by these individuals or that there was new evidence unknown to the prosecution at

6.

the time these individuals were prosecuted. Therefore, we hereby deny relator's motion for summary judgment.

{¶ 16} Furthermore, respondent argues that although it did not file a motion for summary judgment, it is nonetheless entitled to summary judgment as a nonmoving party because there is no genuine issue of material fact and it is entitled to judgment as a matter of law. We agree.

{¶ 17} When a party moves for summary judgment and the nonmovant has had an opportunity to respond, a court, after consideration of the relevant evidence, may enter judgment against the moving party even though the nonmovant did not file a motion for summary judgment. *State ex rel. Clay v. Cuyahoga Cty. Med. Examiner's Office*, 152 Ohio St.3d 163, 2017-Ohio-8714, 94 N.E.3d 498, ¶ 9, citing *State ex rel. Anderson v. Vermilion*, 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, ¶ 8, citing *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 17. However, the nonmoving party cannot rest on the allegations of pleading and must set forth specific facts to support its claims. *Mootispaw*, 76 Ohio St.3d 383, 667 N.E.2d 1197, at 385.

{¶ 18} In this action, relator did not assert that he had additional evidence beyond what the prosecution had at the time and presented to the grand jury. Respondent has asserted that it presented this evidence to the grand jury and it decided to issue only an indictment for felony child endangering. Respondent has further shown that it had no evidence these individuals were the persons who caused the child's injuries. Therefore, we find relator cannot establish he has a clear legal right to the requested relief or that the

7.

prosecutor has a clear legal duty to provide the requested relief. Accordingly, we hereby deny summary judgment to relator and grant summary judgment to respondent. All pending motions are denied as moot. The petition is hereby ordered dismissed at relator's costs. It is so ordered.

{¶ 19} **To the Clerk: Manner of Service.**

{¶ 20} Serve upon all parties in a manner prescribed by Civ.R. 5(B) notice of the judgment and its date of entry upon the journal.

Writ denied.

Arlene Singer, J. _____

Christine E. Mayle, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.