[Cite as *Brisbane v. Digeronimo*, 2023-Ohio-3636.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| ALPHONSO S. BRISBANE, | : | |
| Relator, | : | |
| | : | No. 113079 |
| v. | : | |
| JUDGE SERGIO DIGERONIMO, | : | |
| Respondent. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** October 3, 2023

Writ of Mandamus and Procedendo
Order No. 568307

## *Appearances:*

Alphonso S. Brisbane, *pro se.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Relator, Alphonso S. Brisbane, seeks writs of mandamus and procedendo to direct respondent, Garfield Heights Municipal Court Judge Sergio DiGeronimo, to grant motions appealing his automatic license suspensions entered in two cases pending before Judge DiGeronimo. Brisbane also seeks writs of mandamus and procedendo against Judge DiGeronimo of an undefined nature. The

relief he seeks is to have this court direct "[r]espondent to weight the evidence in the said matters above and give the [r]elator relief he seeks as the [r]elator did not wave [sic] his right to a speedy trial. * * * [Relator] argues that his Constitutional rights under the laws are being violated by the trial court and pray this Honorable Court grants him the relief that he seeks." Brisbane does not further describe what relief he is seeking regarding this second claim. We find that Brisbane's complaint is fatally defective and dismiss it, sua sponte.

## I. Background

{¶ 2} Brisbane filed a complaint for writs of mandamus and procedendo on August 11, 2023. There, he alleged that he is the defendant in two traffic cases pending in the Garfield Heights Municipal Court. The complaint also asserted that Judge DiGeronimo presides over these cases. The complaint included a case caption that lists Brisbane as the relator and Judge DiGeronimo as the respondent. However, the complaint did not include an address for service of the complaint and summons for the respondent, nor was an address for service included anywhere else in the complaint.

## II. Law and Analysis

{¶ 3} Sua sponte dismissal of a complaint in an action for a writ in the court of appeals is appropriate where it "'is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.'" *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, 67 N.E.3d 755, ¶ 12, quoting *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515,

¶ 3, quoting *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14, and citing *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7. Fatal procedural defects mean that a claimant obviously cannot prevail.

{¶ 4} In the present case, Brisbane's complaint lacks an address for service of the complaint. Further, the docket indicates that service of the complaint has not been perfected more than a month after the complaint was filed.

> A complaint filed in a court has specific requirements that are not simply a matter of format. A civil action is commenced pursuant to Civ.R. 3(A) by the filing of a complaint and the service of process. Civ.R. 10(A) requires a complaint to have certain information including the full names of every party to the action and addresses where the complaint may be served. This requirement exists, in part, so that a clerk of courts has clear direction to whom and where service of process must be directed to ensure parties to the action are properly notified of the existence of the case. *See* Civ.R. 4(A). This is necessary so a court can properly exercise personal jurisdiction over the parties. * * *. "[T]he Clerk has no duty to speculate about the identity or addresses of 'interested parties' to be served or furnished with process." *Carter v. Carter*, 3d Dist. Paulding No. 11-88-13, 1989 Ohio App. LEXIS 3659, 4 (Sept. 19, 1989).

*In re Writ of Mandamus (Turner)*, 8th Dist. Cuyahoga No. 112758, 2023-Ohio-2158, ¶ 5. The failure to comply with Civ.R. 10(A)'s requirements is sufficient grounds to dismiss the complaint. *Greene v. Turner*, 151 Ohio St.3d 513, 2017-Ohio-8305, 90 N.E.3d 901, ¶ 8.

{¶ 5} Further, Brisbane's complaint for mandamus was not brought in the name of the state on the relation of the person applying, which is generally required

by R.C. 2731.04. *Nikooyi v. Cuyahoga Cty. Prosecuting Dept.*, 8th Dist. Cuyahoga No. 109716, 2020-Ohio-3730, ¶ 7.

{¶ 6} Finally, Brisbane's second claim for relief in mandamus and procedendo does not state a valid claim for relief. Brisbane does not identify a clear legal right he possesses that Judge DiGeronimo has a duty to provide, and for which no other adequate remedy at law exists. These are the necessary elements for a successful claim for mandamus relief. Claims of violation of a defendant's speedy trial rights are the proper subject of an appeal, which constitute an adequate remedy precluding relief in mandamus or procedendo. *State ex rel. Jackim v. Ambrose*, 118 Ohio St.3d 512, 2008-Ohio-3182, 890 N.E.2d 324, ¶ 6.

{¶ 7} Brisbane's complaint is sua sponte dismissed. Costs to relator. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 8} Complaint dismissed.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
SEAN C. GALLAGHER, J., CONCUR