[Cite as *State ex rel. Ju v. Mayer*, 2026-Ohio-1481.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | |
|---|---|
| STATE EX REL. MAO JU | C.A. No. 2026-CA-26 |
| Relator | |
| v. | |
| MICHAEL A. MAYER | **DECISION AND FINAL JUDGMENT ENTRY** |
| Respondent | |

_____

PER CURIAM:

{¶ 1}   Relator Mao Ju filed an affidavit charging her former spouse with the criminal offense of interference with custody. Dissatisfied with the processing of her affidavit, Ju seeks a writ of mandamus from this court to compel the respondent, Michael A. Mayer, Magistrate and Court Administrator of the Xenia Municipal Court, to process her affidavit in accordance with R.C. 2953.09(D) and 2935.10. For the following reasons, this court sustains Magistrate Mayer's motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6).

## I.   Facts & Procedural History

{¶ 2}   According to the complaint, on March 2, 2026, Ju submitted an affidavit to the clerk of the Xenia Municipal Court in accordance with R.C. 2935.09(D). The affidavit charges Ju's former spouse with interference with custody, in violation of R.C. 2919.23(A)(1), a misdemeanor of the first degree.

{¶ 3}   On March 3, 2026, the clerk informed Ju that her affidavit had been forwarded

"for review by an appropriate reviewing official" and that Ju would be notified regarding the reviewing official's determination. The clerk also informed Ju that:

> complaints submitted for review – whether by a law enforcement officer or a private citizen – are not assigned a case number or placed on the public docket unless and until a reviewing official determines that probable cause exists and authorizes the filing of a criminal complaint. If probable cause is found, the matter will be formally filed and a case number will be generated at that time.

{¶ 4} On March 5, 2026, Magistrate Mayer memorialized a determination that "the facts alleged do not establish probable cause to believe that the offense of Interference with Custody has been committed" and "dismissed" her affidavit. The clerk filed Magistrate Mayer's determination but did not assign the filing a case number.

{¶ 5} On the morning of March 6, 2026, Ju emailed the clerk and Magistrate Mayer a "Petition to Compel Proper Processing of Private Citizen Criminal Affidavit and Request for Hearing Pursuant to Crim.R. 4(A)(1)." Ju's affidavit and Magistrate Mayer's written determination were attached as exhibits to the petition.[1] Ju requested that the clerk and Magistrate Mayer forward her petition to Judge David M. McNamee.

{¶ 6} Later, in the afternoon, Ju also attempted to file her petition at the court. Ju states that a deputy clerk "timestamped the documents but refused to docket them. Instead of delivering the Petition to Judge McNamee as addressed, [the deputy clerk] routed the entire package to Respondent Mayer in his administrative capacity." Ju then emailed the clerk and Magistrate Mayer to document the incident.

{¶ 7} On March 11, 2026, Ju filed this mandamus action. Ju's prayer for relief

---

[1] Unlike the March 2 affidavit, the March 6 petition is not attached as an exhibit to Ju's complaint.

requests that we order Magistrate Mayer to:

1. Docket and assign a case number to Relator's criminal charging affidavit submitted March 2, 2026;

2. Accept, docket, and assign a case number to, and forward Relator's Petition to Compel filed March 6, 2026 to Presiding Judge McNamee as addressed, and take no further action to intercept or divert filings directed to the Presiding Judge;

3. Process the affidavit pursuant to O.R.C. § 2935.09(D) and § 2935.10, including referral to the prosecuting attorney or a judicial probable cause determination under Crim.R. 4(A)(1) with written findings;

4. Cease applying any pre-filing administrative screening procedure to citizen criminal charging affidavits submitted pursuant to O.R.C. § 2935.09(D); and

5. Award such other relief as this Court deems just and proper.

{¶ 8} On April 9, 2026, Magistrate Mayer filed his motion to dismiss. Ju filed a memorandum in opposition that same day.

## II. Law & Analysis

### A. Elements of Mandamus

{¶ 9} To prevail in a mandamus action, the relator must demonstrate that (1) they have a clear legal right to the relief prayed for, that (2) the respondent is under a clear legal duty to perform the acts, and that (3) the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d. 28, 29 (1983).

### B. The Civ.R. 12(B)(6) Standard

{¶ 10} A motion to dismiss pursuant to Civ.R. 12(B)(6) is procedural and tests the

sufficiency of a complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 9, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). For purposes of the motion, we assume that the factual allegations of the complaint are true and make all reasonable inferences in favor of the relator. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Only if it appears "beyond doubt that the relator can prove no set of facts in support of [their] claim which would entitle [them] to relief" will this court dismiss a complaint for failure to state a claim upon which relief can be granted. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1978), citing *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

C. Ju Fails to State a Claim in Mandamus

**{¶ 11}** "R.C. 2935.09(D) allows a private citizen to file an affidavit alleging a criminal offense[.]" *State ex rel. Bunting v. Styer*, 2016-Ohio-5781, ¶ 15. The statute provides that:

> A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials if the clerk's office is open at those times. A clerk who receives an affidavit before or after the normal business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume.

R.C. 2935.09(D). For purposes of R.C. 2935.09, the definition of "reviewing official" includes the judge of a court of record or a magistrate. R.C. 2935.09(A).

**{¶ 12}** Ju's complaint seeks multiple forms of relief. First, Ju seeks to compel Magistrate Mayer to "[d]ocket and assign a case number to Relator's criminal charging affidavit submitted March 2, 2026." But Ju does not identify any authority, statutory or otherwise, that obligates a reviewing official to docket or assign a case number to an affidavit filed in accordance with R.C. 2953.09. The text of R.C. 2935.09(D) does not impose this duty on a reviewing official. Accordingly, we conclude that no set of facts supports Ju's claim that Magistrate Mayer has a clear legal duty to docket and assign a case number to her March 2 affidavit. And our conclusion is consistent with case law holding that an affiant has no clear legal right to have the clerk file-stamp and assign a case number to an affidavit filed under R.C. 2935.09(D).[2] *E.g.*, *Leavell v. Wilson*, 2017-Ohio-1275, ¶ 14 (6th Dist.).

**{¶ 13}** In the same vein, Ju seeks to compel Magistrate Mayer to "[a]ccept, docket, and assign a case number to, and forward Relator's Petition to Compel filed March 6, 2026 to Presiding Judge McNamee as addressed." To reiterate, Magistrate Mayer has no clear legal duty to accept, docket, or assign a case number to an affidavit filed in accordance with R.C. 2935.09(D). Ju has no clear legal right to such relief. Further, to the extent that Ju's March 6 filing is something other than a refiling of her March 2 affidavit, she has not identified any authority obligating Magistrate Mayer to accept, docket, or assign a case number to that filing. Thus, Ju cannot establish any set of facts under which Magistrate Mayer has a clear legal duty to act with respect to her March 6 petition.

**{¶ 14}** We now turn to the question of whether Magistrate Mayer has a duty to forward

---

[2] Nothing prohibits the clerk of a court of record from filing and assigning a case number to the affidavit. *See Hillman v. Larrison*, 2016-Ohio-666, ¶ 15 (10th Dist.) (whether to assign "a civil case number, a criminal case number, some other type of case number, or no case number at all" to an affidavit is "an issue for the clerk of courts to consider").

Ju's March 6 filing to Judge McNamee.[3] Here again, Ju has not identified any authority obligating Magistrate Mayer to forward the March 6 filing to Judge McNamee.[4] Therefore, we conclude that no set of facts supports Ju's claim that Magistrate Mayer has a clear legal duty to forward the March 6 affidavit to Judge McNamee.

{¶ 15} Next, Ju seeks to compel Magistrate Mayer to "take no further action to intercept or divert filings directed to [Judge McNamee]." Ju seeks an order to compel Magistrate Mayer to "[c]ease applying any pre-filing administrative screening procedure to citizen criminal charging affidavits submitted pursuant to R.C. § 2935(D)." It is obvious that the real objects of Ju's complaint are: (1) a declaratory judgment that the Xenia Municipal Court's "pre-filing screening procedure" for affidavits filed under R.C. 2935.09 is unlawful and (2) a prohibitory injunction restraining Magistrate Mayer from intercepting or diverting filings addressed to Judge McNamee. Because a court of appeals lacks original jurisdiction to grant declaratory and injunctive relief, it is beyond doubt that Ju cannot prevail under any set of facts in support of this claim for relief. *See In re Removal of Whaley*, 2020-Ohio-7300, ¶ 9 (2d Dist.), citing *State ex rel. Grendell v. Davidson*, 1999-Ohio-130, ¶ 20.

{¶ 16} Lastly, Ju seeks to compel Magistrate Mayer to "[p]rocess the affidavit pursuant to R.C. § 2935.09(D) and § 2935.10, including referral to the prosecuting attorney or a judicial probable cause determination under Crim.R. 4(A)(1) with written findings."

---

[3] Ju does not allege that Magistrate Mayer had any duty to forward her affidavit to Judge McNamee, which was captioned "In the Xenia Municipal Court" but not addressed to a specific reviewing official.

[4] In contrast, the clerk of a court of record has an obligation to forward an affidavit filed before or after the normal business hours of a reviewing official. *See State ex rel. Justice v. McBride*, 2023-Ohio-3023, ¶ 11 (11th Dist.), citing *State ex rel. Blachere v. Tyack*, 2023-Ohio-781, ¶ 22 (10th Dist.).

**{¶ 17}** R.C. 2935.10 prescribes the procedure to be followed once a citizen files an affidavit charging a criminal offense. *Styer*, 2016-Ohio-5781 at ¶ 15. Under R.C. 2935.10(A), a reviewing official has two options if the affidavit charges a felony offense: they must issue a warrant for the person charged or refer the matter to the prosecuting attorney for investigation. *State ex rel. Brown v. Nusbaum*, 2017-Ohio-9141, ¶ 12. The use of the word "shall" in R.C. 2935.10(A) connotes the mandatory nature of the reviewing official's duties. *See Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102 (1971), paragraph one of the syllabus ("In statutory construction, the word 'may' shall be construed as permissive and the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage."). In contrast, the duties of a reviewing official are permissive under R.C. 2935.10(B). If an affidavit filed under R.C. 2935.09 charges a misdemeanor offense, a reviewing official may:

> (1) Issue a warrant for the arrest of such person, directed to any officer named in section 2935.03 of the Revised Code but in cases of ordinance violation only to a police officer or marshal or deputy marshal of the municipal corporation;

> (2) Issue summons, to be served by a peace officer, bailiff, or court constable, commanding the person against whom the affidavit or complaint was filed to appear forthwith, or at a fixed time in the future, before such court or magistrate. Such summons shall be served in the same manner as in civil cases.

R.C. 2935.10(B). Thus, the statute "permits, but does not require, the [reviewing official] to issue an arrest warrant for or summons to the alleged misdemeanant." *State v. Fraley*, 2020-Ohio-3763, ¶ 14 (12th Dist.), citing *Metzenbaum v. Vitantonio*, 2002 WL 192082 (8th Dist. Feb. 7, 2002). Also, a reviewing official "may exercise [their] discretion to decide that the allegations in an affidavit are insufficient to justify the issuance of either a warrant or

summons." *Id*.

{¶ 18} Ju's March 2 affidavit charged a misdemeanor offense. According to Ju, she submitted her affidavit to the clerk of the Xenia Municipal Court. The clerk forwarded the affidavit to Magistrate Mayer, who is a reviewing official for purposes of R.C. 2935.09. Magistrate Mayer then determined that the allegations in Ju's affidavit were insufficient to justify the issuance of a summons or warrant.

{¶ 19} Assuming (as we must) that these facts are true, Ju has not alleged any deviation from the statutory procedure. Specifically, "R.C. 2935.10 does not provide for a referral to the prosecutor in the case of a misdemeanor allegation." *In re Affidavit by Accusation*, 2021-Ohio-4503, ¶ 7 (2d Dist.). Likewise, Crim.R. 4(A) does not apply to an affidavit filed in accordance with R.C. 2935.09. *State ex rel. Boylen v. Harmon*, 2006-Ohio-7, ¶ 10. Consequently, notwithstanding Ju's assertions to the contrary, Magistrate Mayer has no clear legal duty to refer her affidavit to a prosecutor or hold a formal probable cause hearing. And, more generally, Ju cannot compel Magistrate Mayer to perform additional processing of her affidavit because there is nothing more to be done. *See State ex rel. Strothers v. Turner*, 1997-Ohio-154, ¶ 9 ("mandamus will not issue to compel a vain act."). Once a reviewing official has determined that the affidavit does not charge a misdemeanor offense, there is no further duty under the statute. *See Nusbaum* at ¶ 17 (a reviewing official has no clear legal duty to issue a final, appealable order dismissing a R.C. 2935.09 proceeding). Therefore, Ju cannot demonstrate any clear legal right to the relief sought under any set of facts.

### III.    Conclusion

{¶ 20} For all the foregoing reasons, Ju's complaint fails to state a claim upon which relief can be granted. Accordingly, this action, Greene County Appellate Case No. 2026-CA-

26, is DISMISSED.

{¶ 21} Writ of mandamus DENIED. Costs taxed to Ju.

For the court,

RONALD C. LEWIS, PRESIDING JUDGE

EPLEY, J., and HANSEMAN, J., concur.

To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).

RONALD C. LEWIS, PRESIDING JUDGE