[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Capron v. Dattilio,* Slip Opinion No. 2016-Ohio-1504.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1504

THE STATE EX REL. CAPRON, APPELLANT, *v.* DATTILIO, CLERK, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Capron v. Dattilio,* Slip Opinion No. 2016-Ohio-1504.]

*Mandamus—Public officials—Prosecutor did not abuse discretion in choosing not to prosecute alleged crime—Court of appeals' dismissal of complaint affirmed.*

(No. 2015-1082—Submitted January 26, 2016—Decided April 13, 2016.)

APPEAL from the Court of Appeals for Columbiana County, No. 2015 CO 00008, 2015-Ohio-1900.

_____

**Per Curiam.**

{¶ 1} We affirm the Seventh District Court of Appeals' dismissal of relator-appellant, John F. Capron III's complaint seeking a writ of mandamus compelling respondents-appellees, Anthony J. Dattilio, the Columbiana County clerk of courts,

and Robert L. Herron, the Columbiana County prosecutor, to accept for filing an affidavit alleging a criminal offense and to prosecute a named individual for perjury.

{¶ 2} To be entitled to a writ of mandamus, Capron must establish a clear legal right to the requested relief, a clear legal duty on the part of respondents to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Capron must prove entitlement to the writ by clear and convincing evidence. *Id.* at ¶ 13.

{¶ 3} R.C. 2935.09(D) allows a private citizen to file an affidavit alleging a criminal offense, but the statute does not mandate that the clerk of court accept the affidavit for filing. Rather, R.C. 2935.09(D) must be read in pari materia with R.C. 2935.10(A), which requires the clerk to either issue a warrant for the alleged offender's arrest or refer the matter to the prosecutor for investigation. *State ex rel. Strothers v. Turner*, 79 Ohio St.3d 272, 273, 680 N.E.2d 1238 (1997).

{¶ 4} Likewise, a prosecutor has no clear duty to prosecute a crime alleged in an affidavit. *State ex rel. Evans v. Columbus Dept. of Law*, 83 Ohio St.3d 174, 175, 699 N.E.2d 60 (1998). Prosecutors have wide discretion in deciding whether to prosecute a particular matter. *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 27, 661 N.E.2d 180 (1996) ("the decision whether to prosecute is discretionary, and not generally subject to judicial review"); *Brown v. Best Prods., Inc.*, 18 Ohio St.3d 32, 35, 479 N.E.2d 852 (1985) (the decision whether to pursue criminal charges is ultimately vested in the state, not with a private citizen). Only when the failure to prosecute constitutes an abuse of discretion will a prosecutor be compelled to prosecute. *State ex rel. Murr v. Meyer*, 34 Ohio St.3d 46, 516 N.E.2d 234 (1987); *State ex rel. Squire v. Taft*, 69 Ohio St.3d 365, 368, 632 N.E.2d 883 (1994).

**{¶ 5}** The prosecutor here decided that there was an insufficient basis to justify filing a criminal charge. Capron has not shown that the failure to prosecute in this case was an abuse of the prosecutor's wide discretion.

**{¶ 6}** Thus, the clerk had no clear duty to accept Capron's affidavit for filing, the prosecutor had no clear duty to prosecute the alleged crime, and Capron has no clear legal right to a prosecution. The court of appeals correctly dismissed Capron's complaint in mandamus, and we affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

John F. Capron II, pro se.

Robert L. Herron, Columbiana County Prosecuting Attorney, and Andrew A. Beech, Assistant Prosecuting Attorney, for appellees.

_____