[Cite as *Johnson v. Archer*, 2017-Ohio-8209.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BRIAN JOHNSON | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 17CAE060039 |
| WALENDA ARCHER | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Common
                             Pleas Court, 17 MDI page 162

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      October 16, 2017

APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

BRIAN A. JOHNSON, PRO SE               WALENDA L. ARCHER
P.O. Box 5500                          101 Abbey Cross Ln.
Chillicothe, Ohio 45601                Westerville, Ohio 43081

*Hoffman, J.*

{¶1}   Plaintiff-appellant Brian A. Johnson appeals the judgment entered by the Delaware County Common Pleas Court referring Appellant's allegations Defendant-appellee Walenda Archer has committed perjury and tampered with evidence to the prosecutor for investigation.

STATEMENT OF THE FACTS AND CASE

{¶2}   On January 18, 2017, appellant filed a criminal complaint against appellee, attempting to charge her with seven counts of perjury in violation of R.C. 2921.11 and fourteen counts of tampering with evidence in violation of R.C. 2921.12 (Case No. 17 MDI Page 161). Appellee had testified previously in Appellant's criminal trial.

{¶3}   By judgment entry filed January 18, 2017, the trial court dismissed the complaint, finding appellant did not have standing to bring criminal charges against an individual, as that is the function of the Prosecuting Attorney's Office. The trial court explained under R.C. 2935.09, a private citizen can only file an affidavit with a reviewing official for the purpose of review to determine if a criminal complaint should be filed by the prosecuting attorney.  Appellant filed an appeal to this Court and we affirmed.  *Johnson v. Archer,* 5th Dist. Delaware No. 17–CAE–02–0008 &17–CAE–02–0010, 2017-Ohio-2965.

{¶4}   In the instant case, on January 24, 2017, appellant filed an affidavit calling for the arrest and prosecution of appellee.  By judgment entry filed the same date, the trial court dismissed the affidavit.  We reversed on appeal, finding dismissing the affidavit was not an action available to the court pursuant to R.C. 2935.10(A). *Id.* at ¶15.  We

remanded the case with instructions to the trial court to either issue an arrest warrant for Appellee or refer the matter to the prosecuting attorney pursuant to R.C. 2935.10(A).  *Id.*

{¶5}   On remand, the trial court determined based on the bare allegations of the affidavit, it could not say an arrest warrant issued for Appellee would be supported by the requisite probable cause.   The court therefore referred the matter to the prosecuting attorney for investigation.  Judgment Entry, May 24, 2017.

{¶6}   It is from the May 24, 2017 judgment Appellant prosecutes his appeal, assigning as error:


I.  APPELLANT'S FUNDAMENTAL & SUBSTANTIAL RIGHT TO REDRESS OF GRIEVANCES FOR INJURIES DONE TO HIM IN HIS REPUTATION AND PERSON, AS A VICTIM OF A CRIME, GUARANTEED BY THE EQUAL PROTECTION CLAUSE UNDER DUE PROCESS OF LAW, PURSUANT TO THE 1ST AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE 1, SECTION 2, 10a & 16 OF THE OHIO CONSTITUTION, WAS VIOLATED; WHEN THE TRIAL COURT (ABUSED ITS DISCRETION) BY (1):  "UNREASONABLY" FAILING TO "SUA SPONTE" ENACT A [COMPLETE FACT-FINDING INQUIRY] PURSUANT TO R.C. 2935.10 & 2935.23 BASED UPON THE COURTS OWN RATIONALE;  (2):   BY MAKING [PARTIAL-FACTUAL DETERMINATIONS] WHICH ARE IMMATERIAL TO THE DISPUTED [FACTS IN-ISSUE], LEADING TO {ERRED LEGAL CONCLUSIONS},

WHICH RESULTED IN (PREJUDICE); WHEREBY, (FRAUD UPON THE COURT) MAY BE INFERRED.

II. APPELLANT'S FUNDAMENTAL & SUBSTANTIAL RIGHT TO REDRESS OF GRIEVANCES FOR INJURIES DONE TO HIM IN HIS REPUTATION AND PERSON, AS A VICTIM OF A CRIME, GUARANTEED BY THE EQUAL PROTECTION CLAUSE UNDER DUE PROCESS OF LAW, PURSUANT TO THE 1ST AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE 1, SECTION 2, 10a & 16 OF THE OHIO CONSTITUTION, WAS VIOLATED; WHEN THE TRIAL COURT (COMMITTED MANIFEST ERROR), THUS, [FAILING TO COMPLY WITH R.C. 2935.10 & 2935.23], BY {ILLEGALLY CONCLUDING} THAT (1): [THE COURT WAS LIMITED IN SCOPE OF ITS INQUIRY AND HAD NO MEANS TO SOLICIT TESTIMONY FROM APPELLEE], (2): APPELLANT'S AFFIDAVIT CHARGING APPELLEE WITH FELONY OFFENSES WAS [NOT MERITORIOUS] OR OTHERWISE [LACKED PROBABLE CAUSE]; AS SUCH {LEGAL CONCLUSIONS}ARE IN COMPLETE "DISREGARD" TO ESTABLISHED [LEGISLATIVE AUTHORITY CONFERRING JURISDICTION TO INVESTIGATE], & "CONTRARY" TO [STATUTORY REFERENCES INVOKING "STRICT" CRIMINAL LIABILITY, CULPABILITY & PROHIBITION OF FELONY CONDUCT CHARGED IN AFFIDAVIT], SUFFICIENT TO CONSTITUTE MENS REA – MATERIAL ELEMENTS & TO LEGALLY INSTITUTE PROSECUTION THEREOF; THEREFORE, THE COURT (LACKED THE JURISDICTION) TO

SUBSEQUENTLY TRANSFER THE PROCEEDING TO THE PROSECUTING ATTORNEY FOR INVESTIGATION; RESULTING IN A (MANIFEST INJUSTICE), WHEREBY, (FRAUD UPON THE COURT) MAY BE INFERRED.

I.

**{¶7}** In his first assignment of error, Appellant argues the court erred in referring his complaint to the prosecutor for investigation.

**{¶8}** Appellant filed his affidavit pursuant to R.C. 2935.09(D), which provides:

A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials if the clerk's office is open at those times. A clerk who receives an affidavit before or after the normal business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume.

{¶9} This Court previously remanded this case to the trial court to consider the affidavit in accordance with R.C. 2935.10(A), which provides:

> Upon the filing of an affidavit or complaint as provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant.

{¶10} We review a judge's decision not to issue a warrant based on an accusation by affidavit filed pursuant to R.C. 2935.09 and 2935.10 under the abuse of discretion standard. *Hillman v. O'Shaughnessy,* 10th Dist. Franklin No. 16AP-571, 2017-Ohio-489, ¶7. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶11} The trial court made the following findings in choosing to refer the matter to the prosecutor:

> Johnson claims that defendant Archer has committed seven felony perjury offenses and 14 felony tampering-with-evidence crimes. I have no

reason to conclude that Johnson has raised his allegations in bad faith, though I full understand that he – as a convicted felon serving a lengthy prison sentence – has a motive to now claim that Archer lied at Johnson's trial. As for the question of whether Johnson's claims against Archer are meritorious, I am necessarily limited to the bare allegations in Johnson's filings here. I have no team of investigators or any means to solicit input from Archer herself about the allegations. Faced with the choice given me by R.C. 2935.10(A) of issuing an arrest warrant for Archer based solely on Johnson's allegations or asking the prosecuting attorney to examine the claims before any action is taken by me against Archer, I opt for the latter course. I cannot say – based solely on the information in Johnson's allegations – that any arrest warrant issued by me for Archer's arrest would be properly supported by the requisite probable cause.

On the perjury allegations, I do not see evidence of a willful intent by Archer to provide false testimony. Confusion, mistake, or faulty memory on the part of a witness do not equate to perjury. *United States v. Kennedy,* 714 F.3d 951, 962 (6th Cir. 2013). And "the fact that a witness changes his story is not sufficient to establish perjury." *State v. Johnson,* 144 Ohio St. 3d 518, 2015-Ohio-4903, ¶83 (2015). As for the tampering allegations, I see nothing pointing to the kind of alteration, destruction, concealment, or removal of evidence by Archer or the kind of intent to mislead a public official that a prosecutor would need to present to succeed on any tampering charges against Archer.

Judgment Entry, May 24, 2017, p. 1-2.

{¶12} Based on the affidavit presented to the trial court, we find no abuse of discretion in the court's determination the claim was not meritorious. As discussed by the trial court, Appellant was serving a felony sentence in part because of the testimony of Appellee in his criminal trial, and the affidavit did not affirmatively demonstrate probable cause to issue a warrant for appellee's arrest. Further, the prosecutor was in a better position than the trial court to further investigate Appellant's claims.

{¶13} The first assignment of error is overruled.

II.

{¶14} In his second assignment of error, Appellant argues the court lacked jurisdiction to forward the case to the prosecutor instead of conducting its own investigation. He argues the court's action did not comply with our prior order in this case.

{¶15} The analysis and procedure of the trial court on remand followed the clear language of R.C. 2935.10(A). The trial court undertook an analysis of whether he believed the complaint was not filed in good faith or was not meritorious. After deciding he believed the complaint was not meritorious, he referred the case to the prosecutor for investigation. This procedure was proper under R.C. 2935.10(A), which this Court instructed the trial court to follow on remand.

{¶16} The second assignment of error is overruled.

**{¶17}** The judgment of the Delaware County Common Pleas Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur