[Cite as *Nikooyi v. Affidavit of Criminal Complaint*, 2020-Ohio-192.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| ALEXANDER NIKOOYI, | : | |
| Plaintiff-Appellant, | : | Nos. 108787 and 108801 |
| v. | : | |
| AFFIDAVIT OF CRIMINAL COMPLAINT, | : | |
| Defendant-Appellee. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** January 23, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. SD-19-077947 and SD-19-077951

### *Appearances:*

Alexander Nikooyi, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Gregory Ochocki and Daniel T. Van, Assistant Prosecuting Attorneys, *for appellee.*

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. In these consolidated appeals, plaintiff-appellant, Alexander Nikooyi, appeals from the orders of the trial court declining to

issue arrest warrants in response to Nikooyi's "Affidavits of Criminal Complaint" after the matters alleged in the affidavits were not accepted for prosecution by Cuyahoga County Prosecuting Attorney Michael C. O'Malley ("Prosecutor O'Malley"). Nikooyi assigns the following errors for our review:

I. The trial court erred in directly referring the matter to the prosecutor, not making a determination based on the evidence submitted along with the complaint[s], and by not issuing [warrants], considering it found the affidavit[s] to be in good faith, and the appellant had already arrested the [individuals who are the subject of the affidavits].

II. The trial court erred in not recommending prosecution, based on the evidence and should have done so since it considered the complaint[s] in good faith.

III. The trial court erred in accepting the [Prosecutor O'Malley's] ruling that the statute of limitations had expired.

{¶ 2} Nikooyi appeared before this court and recounted his allegations. However, having reviewed the record and the controlling case law, we find no error in the court's rulings. Additionally, we note that Prosecutor O'Malley's decision is not a final appealable order.

{¶ 3} In 2019, Nikooyi filed two affidavits with the court of common pleas pursuant to R.C. 2935.09 and 2935.10. In the first affidavit, he averred that he was assaulted in 2001 and needed stitches. On May 7, 2019, the trial court issued a journal entry noting that it had received the charging affidavit and following the court's review of the affidavit and the supporting documents the affidavit "charges the commission of [a] felony and * * * was filed in good faith. As a result, and for

good cause, the court hereby orders that the matter be referred to the Cuyahoga County Prosecuting Attorney's Office for investigation pursuant to R.C. 2935.10."

{¶ 4} Nikooyi's second affidavit averred that from 1997 to 2010, he was subjected to "unwarranted discipline" and loss of property. On May 9, 2019, the trial court issued a journal entry noting that it had received the charging affidavit, and following the court's review of the affidavit and the supporting documents the affidavit "charges the commission of [a] felony and * * * was filed in good faith." The court also ordered this second "matter be referred to the Cuyahoga County Prosecuting Attorney's Office for investigation pursuant to R.C. 2935.10."

{¶ 5} On May 30, 2019, Prosecutor O'Malley's office issued a letter in response to the referral. The letter mistakenly indicated that the trial court found "probable cause," a statement not supported by the record. However, the letter further provided, "after review of the materials provided by the Court and other materials we obtained, we decline prosecution in both matters." On June 25, 2019, in response to Prosecutor O'Malley's determinations, the trial court entered orders in both matters that provided as follows:

> Following the completion of the court-ordered investigation pursuant to R.C. 2935.10, the court was advised by [Prosecutor O'Malley's] office via a correspondence that [it] is declining to prosecute [both matters]. Said correspondence is attached to this entry for the record.
>
> As a result, the court declines to issue a warrant regarding [these matters] hereby removes [them] from the active docket.

{¶ 6} Herein, Nikooyi challenges the trial court's decision to refer the matter to Prosecutor O'Malley's office in the first instance, its failure to

independently recommend prosecution, and its acceptance of Prosecutor O'Malley's determinations.

### Trial Court's Refusal to Immediately Issue Warrants and Referral to Prosecutor's Office

{¶ 7} In the first and second assigned errors, Nikooyi argues that the trial court erred in refusing to issue the requested warrants and in referring the matter to Prosecutor O'Malley's office.

{¶ 8} Pursuant to R.C. 2935.09(D), a private citizen may file with a "reviewing official" an affidavit alleging a criminal offense. R.C. 2935.09 provides:

> (A) As used in this section, "reviewing official" means a judge of a court of record, the prosecuting attorney or attorney charged by law with the prosecution of offenses in a court or before a magistrate, or a magistrate.
>
> * * *
>
> (D) A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. * * *

{¶ 9} R.C. 2935.09 does not mandate prosecution of all offenses charged by affidavit. *State ex rel. Boylen v. Harmon*, 107 Ohio St.3d 370, 2006-Ohio-7, 839 N.E.2d 934, ¶ 6. Rather, R.C. 2935.09 must be read in pari materia with R.C. 2935.10, which prescribes the subsequent procedure to be followed. *Id.*; *State ex rel. Dominguez v. State*, 129 Ohio St.3d 203, 2011-Ohio-3091, 951 N.E.2d 77, ¶ 2. R.C. 2935.10(A) states:

Upon the filing of an affidavit or complaint as provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant.

{¶ 10} If the affidavit charges a felony, R.C. 2935.10 directs a judge who is reviewing the affidavit to: (1) issue a warrant; or (2) refer the matter to the prosecutor for investigation if the judge has reason to believe that the affidavit lacks a meritorious claim, i.e., probable cause, or was not made in good faith. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 12, citing *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, 67 N.E.3d 755, ¶ 15.

{¶ 11} As explained in *Harmon*:

Under R.C. 2935.10(A), if the affidavit filed under R.C. 2935.09 charges a felony, the judge, clerk, or magistrate with whom the affidavit is filed must issue a warrant for the arrest of the person charged in the affidavit unless the judge, clerk, or magistrate "has reason to believe that it was not filed in good faith, or the claim is not meritorious." "[O]therwise, he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant." R.C. 2935.10(A).

{¶ 12} In this matter, the trial court determined that the affidavits were filed in good faith. However, the court could not determine whether they set forth a meritorious claim. Accordingly, they were referred to Prosecutor O'Malley's office for further investigation. The court did not err in directing Prosecutor O'Malley's

office to obtain additional information by undertaking an investigation instead of proceeding directly with charges. *Johnson v. Archer*, 5th Dist. Delaware No. 1CAE60039, 2017-Ohio-8209, ¶ 15. The court clearly read and considered the affidavits but was not required upon the face of the information presented to issue the arrest warrants or recommend commencement of prosecution.

{¶ 13} The first and second assigned errors lack merit.

### Trial Court's Acceptance of Prosecutor's Conclusion

{¶ 14} Next, as explained in *Nusbaum,* once a judge refers a matter to the prosecutor for an investigation, the judge's "duty under R.C. 2935.10 is extinguished." *Id.* at ¶ 13. The statute does not contemplate a judge's subsequent review of the prosecutor's investigation or decision whether to prosecute, and it does not require a judge to issue a final order of dismissal if a prosecutor decides not to prosecute. *Id.* at ¶ 13.

{¶ 15} We apply the abuse of discretion standard to review a judge's decision not to issue a warrant following an accusation by affidavit filed pursuant to R.C. 2935.09 and 2935.10. *Hillman v. O'Shaughnessy*, 10th Dist. Franklin No. 16AP-571, 2017-Ohio-489, ¶ 7; *Johnson*, 2017-Ohio-8209, at ¶ 10. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 16}** Applying the foregoing with regard to Nikooyi's arguments that the trial court erred in accepting Prosecutor O'Malley's conclusions and refusing to proceed with the issuance of warrants, we find no abuse of discretion. In light of the serious nature of the allegations, the court, which is not an investigative body, acted reasonably in reliance upon the prosecutor's investigations. *State v. Hanson*, 2d Dist. Montgomery No. 28057, 2019-Ohio-3688, ¶ 25 ("[R]easonable authorities conduct a thorough investigation.").

**{¶ 17}** As to Nikooyi's additional argument that the court erred in accepting the assertion that the statute of limitations pertaining to the alleged conduct had expired, we note that the judge's responsibilities were concluded after the referral and the court was not required to independently weigh the reasons for Prosecutor O'Malley's decision.

**{¶ 18}** In accordance with the foregoing, the third assigned error is without merit.

**{¶ 19}** In any event, the prosecutor's decision not to prosecute is discretionary and "not generally subject to judiciary review." *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 27, 661 N.E.2d 180 (1996); *Leavell v. Wilson*, 6th Dist. Erie No. E-17-012, 2017-Ohio-1275, ¶ 14. To the contrary, a "prosecutor's decision not to file a complaint is not a final, appealable order of the trial court, and the trial court cannot be compelled to enter such a final order." *Nusbaum,* 152 Ohio St.3d

284, 2017-Ohio-9141, 95 N.E.3d 365, at ¶ 16, citing *Leavell,* 6th Dist. Erie No. E-17-012, 2017-Ohio-1275, at ¶ 14 and *Master* at ¶ 27.[1]

**{¶ 20}** In accordance with all of the foregoing, and given Prosecutor O'Malley's decision that no charges would be issued, this appeal is now moot; we do not have jurisdiction to review Prosecutor O'Malley's decision. *See Nusbaum*; *In re Affidavits for Probable Cause*, 8th Dist. Cuyahoga No. 103255, 2016-Ohio-856, ¶ 12 (appeal from a trial court's refusal to issue criminal complaints was rendered moot once the prosecuting attorney reviewed the matter and declined to issue charges).

**{¶ 21}** Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed herein.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
EILEEN A. GALLAGHER, J., CONCUR

---

[1] We recognize, however, in the context of actions in mandamus, a prosecuting attorney may be compelled to prosecute a complaint when the failure to prosecute constitutes an abuse of discretion. *State ex rel. Capron v. Dattilio*, 146 Ohio St.3d 7, 2016-Ohio-1504, 50 N.E.3d 551, ¶ 4; *State ex rel. Murr v. Meyer*, 34 Ohio St.3d 46, 516 N.E.2d 234 (1987).