[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. A.N. v. Cuyahoga Cty. Prosecutor's Office*, Slip Opinion No. 2021-Ohio-2071.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2071

THE STATE EX REL. A.N., APPELLANT, *v.* CUYAHOGA COUNTY PROSECUTOR'S OFFICE[1] ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. A.N. v. Cuyahoga Cty. Prosecutor's Office*, Slip Opinion No. 2021-Ohio-2071.]

*Mandamus—R.C. 2935.09(D)—Affidavits charging criminal conduct and seeking issuance of warrants filed with county prosecutor's office and city—Writ of mandamus sought to compel prosecution under charging affidavits—Summary judgment as to county prosecutor's office under Civ.R. 56(C) proper when evidence insufficient to warrant prosecution under charging affidavits—Dismissal of mandamus complaint against the city under Civ.R. 12(B)(6) proper when county prosecutor was already investigating charging-affidavit allegations—Court of appeals' dismissal of complaint affirmed.*

---

1. Although A.N.'s complaint named the "Cuyahoga County Prosecuting Department" as a respondent, it is not disputed that the complaint was actually directed to the Cuyahoga County Prosecutor's Office.

(No. 2021-0014—Submitted April 27, 2021—Decided June 24, 2021.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 109848, 2020-Ohio-5628.

_____

**Per Curiam.**

{¶ 1} Appellant, A.N., appeals the Eighth District Court of Appeals' judgment denying writs of mandamus to compel appellees, the Cuyahoga County Prosecutor's Office ("the prosecutor") and the City of North Olmsted ("the city"), to prosecute crimes allegedly committed by his parents between 1997 and 2010, when A.N. was a minor. We affirm.

## I. Background

{¶ 2} Under R.C. 2935.09(D), a private citizen seeking to cause the arrest or prosecution of another person may charge a criminal offense by filing an affidavit with the clerk of a court of record. If the affidavit alleges a felony, the judge, clerk, or magistrate must issue a warrant for the arrest of the person identified in the affidavit or refer the matter to the prosecuting attorney for investigation. R.C. 2935.10(A).

{¶ 3} In 2019, A.N., then 25 years old, filed two charging affidavits under R.C. 2935.09(D) in the Cuyahoga County Court of Common Pleas. In the first affidavit, A.N. alleged that his father committed felonious assault under R.C. 2903.11(A)(2) and felony domestic violence under R.C. 2919.25(D)(3) by assaulting him with a hockey stick in April 2001 when he was seven years old, causing injuries that required medical treatment. In the second affidavit, A.N. alleged that from 1997 to 2010, his mother committed felony child endangering under R.C. 2919.22(B)(4) by subjecting him and his sister to multiple instances of physical and emotional abuse.

{¶ 4} The common pleas court referred the affidavits to the prosecutor's office for investigation under R.C. 2935.10(A). The prosecutor declined to

prosecute either A.N.'s father or mother, and the court filed journal entries declining to issue an arrest warrant in either case. A.N. appealed the trial court's journal entries, but the court of appeals dismissed the appeals. *[A.N.] v. Affidavit of Criminal Complaint*, 8th Dist. Cuyahoga Nos. 108787 and 108801, 2020-Ohio-192, ¶ 20, citing *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365 (a prosecutor's decision not to pursue charges is, generally, not a final, appealable order).

{¶ 5} A.N. then commenced this action in the court of appeals, seeking a writ of mandamus to compel the prosecutor or the city to prosecute his parents for the offenses alleged in his affidavits. The prosecutor filed a motion for summary judgment under Civ.R. 56 and the city filed a motion to dismiss under Civ.R. 12(B)(6), both of which A.N. opposed. The court of appeals found that (1) A.N.'s petition was barred by res judicata, (2) the offenses he charged were barred by the statute of limitations, and (3) there was no abuse of discretion on the part of either the prosecutor or the city in deciding to forego prosecution. 2020-Ohio-5628, 164 N.E.3d 526, at ¶ 8-14. The court of appeals granted the prosecutor's motion for summary judgment and denied the writ. *Id*. at ¶ 15. As to A.N.'s claim against the city, the court of appeals dismissed the complaint for failure to state a claim upon which relief can be granted. *Id.*

{¶ 6} A.N. appealed to this court as of right.

## II. Analysis

{¶ 7} We review de novo the court of appeals' grant of summary judgment in favor of the prosecutor. *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 17. Summary judgment is proper when an examination of all relevant materials filed in the action reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 8} We also review de novo the court of appeals' judgment dismissing A.N.'s claim against the city under Civ.R. 12(B)(6). *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8. Dismissal of a mandamus action under Civ.R. 12(B)(6) is appropriate if, after presuming all factual allegations in the complaint to be true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to a writ of mandamus. *Id.*

{¶ 9} To be entitled to a writ of mandamus, A.N. must establish by clear and convincing evidence a clear legal right to the requested relief, a clear legal duty on the part of one or both of the respondents to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, 67 N.E.3d 755, ¶ 10. In general, a prosecutor has no clear duty to prosecute an offense alleged in a charging affidavit. *State ex rel. Capron v. Dattilio*, 146 Ohio St.3d 7, 2016-Ohio-1504, 50 N.E.3d 551, ¶ 4. "Only when the failure to prosecute constitutes an abuse of discretion will a prosecutor be compelled to prosecute." *Id.* at ¶ 4. Thus, a prosecutor's discretionary decision whether to prosecute is not generally subject to judicial review. *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 27, 661 N.E.2d 180 (1996).

{¶ 10} As to the alleged assault of A.N. by his father in 2001, the parties disagree whether the statute of limitations has expired for the offenses alleged in A.N.'s affidavit. *See* R.C. 2901.13(A)(1)(a) (six-year statute of limitations for felonies); R.C. 2901.13(J) (limitations period does not begin to run for abuse or neglect "of a child under eighteen years of age or of a child with a developmental disability * * * under twenty-one years of age" until the victim "reaches the age of majority."); R.C. 3109.01 (age of majority for persons not under a legal disability is 18 years old). We need not decide, however, whether the statute of limitations has expired in this case. Even if it has not expired, the prosecutor has the discretion

to determine whether there is enough evidence to prove the alleged offenses beyond a reasonable doubt. *See Bunting* at ¶ 19. There was no prosecution of A.N.'s father in 2001 for the alleged assault, even though healthcare professionals, who had a statutory duty to report suspected child abuse, treated A.N. and knew his father had caused the injuries. Thus, it was reasonable for the prosecutor to conclude that there was insufficient evidence to support a conviction for felonious assault or felony domestic violence. The record before us does not show that the prosecutor acted unreasonably, arbitrarily, or unconscionably in declining to prosecute a nearly 20-year-old possible offense, regardless of when the statute of limitations accrued. *See Master* at 27 ("abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable").

{¶ 11} Similarly, as to the other offenses that A.N. alleged against his mother and father, we find no abuse of discretion. The prosecutor's office reviewed A.N.'s allegations and the evidence that he submitted. There is no basis upon which to conclude that the prosecutor's office abused its discretion in concluding that it lacked sufficient evidence to warrant prosecution. The court of appeals properly granted the prosecutor's motion for summary judgment.

{¶ 12} A.N.'s mandamus claim against the city is even less meritorious than his claim against the prosecutor. A.N.'s complaint avers that he brought his parents' alleged crimes to the attention of the city prosecutor, who then referred the matter to the county prosecutor's office. A.N. does not explain why the city had a clear legal duty to do anything more. Moreover, A.N. filed affidavits under R.C. 2935.09 with the court of common pleas, which were then referred to the prosecutor's office under R.C. 2935.10. The city did not abuse its discretion in declining to pursue prosecution of alleged offenses that were already referred to the county prosecutor for investigation and possible felony prosecution. *See Master*,

75 Ohio St.3d at 27, 661 N.E.2d 180.  The court of appeals did not err in granting the city's motion to dismiss under Civ.R. 12(B)(6).[2]

{¶ 13} A.N. also argues that the court of appeals erred in failing to independently find probable cause that either of his parents committed the alleged offenses and order the prosecutor or the city to prosecute the offenses.  This argument is without merit.  The courts have only a limited role in reviewing prosecutorial decisions.  Absent an abuse of discretion, a prosecutor will not be compelled to prosecute.  *Capron*, 146 Ohio St.3d 7, 2016-Ohio-1504, 50 N.E.3d 551, at ¶ 4.

{¶ 14} For the foregoing reasons, the court of appeals did not err in denying A.N.'s requested relief in mandamus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

––––––––––––––––––

A.N., pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee Cuyahoga County Prosecutor's Office.

Michael R. Gareau Jr., North Olmsted Director of Law, and Bryan P. O'Malley, Assistant Director of Law, for appellee City of North Olmsted.

––––––––––––––––––

---

2. Because we find no abuse of discretion by either the prosecutor or the city in declining to prosecute either of A.N.'s parents for the alleged offenses, we need not review the court of appeals' determination that A.N.'s mandamus petition was barred by res judicata.