[Cite as *State ex rel. Tingler v. Howe-Gebers*, 2022-Ohio-2237.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State ex rel. Charles Tingler                    Court of Appeals No.  OT-22-028

    Relator

v.

Prosecutor Gwen Howe-Gebers          **<u>DECISION AND JUDGMENT</u>**

    Respondent                                    Decided:  June 29, 2022

* * * * *

Charles Tingler, Pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This matter is before the court on the petition of relator, Charles Tingler, for a writ of mandamus ordering respondent, Prosecutor Gwen Howe-Gebers, to present a case against Sheriff Stephen Levorchick to the Ottawa County Grand Jury.  For the reasons that follow, we find that relator cannot prevail on the facts alleged in the complaint, and relator's complaint is frivolous.  Therefore, we sua sponte dismiss relator's petition for a writ of mandamus.

**{¶ 2}** The facts alleged in relator's complaint are that in February 2017, he contacted the Port Clinton Police Department to file a police report against Ottawa County Sheriff Stephen Levorchick for the crime of theft in office. Port Clinton Police Detective Corbin Carpenter filed a police report, conducted an investigation, and forwarded the results of his investigation to the Ottawa County Prosecutor's Office. The Ottawa County Prosecutor's Office requested the appointment of a special prosecutor for the matter, and respondent was appointed on April 12, 2017. Relator alleges that respondent has since failed to present the case against Sheriff Levorchick to the Ottawa County Grand Jury. Relator also notes that respondent has prosecuted relator on two separate occasions on charges related to his actions against Sheriff Levorchick.

**{¶ 3}** "To be entitled to a writ of mandamus, [relator] must establish by clear and convincing evidence a clear legal right to the requested relief, a clear legal duty on the part of [the respondent] to provide it, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. A.N. v. Cuyahoga Cty. Prosecutor's Office*, 165 Ohio St.3d 71, 2021-Ohio-2071, 175 N.E.3d 539, ¶ 9. "In general, a prosecutor has no clear duty to prosecute an offense alleged in a charging affidavit." *Id.* "'Only when the failure to prosecute constitutes an abuse of discretion will a prosecutor be compelled to prosecute.'" *Id.*, quoting *State ex rel. Capron v. Dattilio*, 146 Ohio St.3d 7, 2016-Ohio-1504, 50 N.E.3d 551, ¶ 4. "Thus, a prosecutor's discretionary decision whether to

prosecute is not generally subject to judicial review." *Id.*, citing *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 27, 661 N.E.2d 180 (1996).

{¶ 4} Here, relator cannot demonstrate that respondent abused her discretion five years ago when she failed to seek an indictment against Sheriff Levorchick. In his complaint, relator nakedly alleges that Sheriff Levorchick committed the crime of theft in office. However, relator has not attempted to set forth any facts upon which his criminal allegation is based. Furthermore, the February 8, 2017 police report filed by Sergeant Corbin Carpenter, which relator attached to his mandamus complaint, states only:

> On the aforementioned date & time I received an email from Charles Tingler (2-8-2017 at 0005hrs) requesting I contact him regarding a report he filed with the Ottawa County Sheriff's Office (20170209-000) on 1-27-2017 with Sgt. Zach Bowling. Said OCSO report was attached to the email and merely states that Sgt. Bowling spoke with Charles Tingler on the phone regarding a theft that allegedly occurred at the Ottawa County Courthouse. Sgt. Bowling referred him to this department.

Thus, the entirety of relator's complaint can be summarized as: "I alleged a crime was committed, therefore you must prosecute."

{¶ 5} Without any facts or evidence—or even allegations of facts or evidence—upon which to evaluate whether a crime may or may not have occurred, we simply cannot say that respondent abused her discretion in declining to present a case against Sheriff

3.

Levorchick to the Ottawa County Grand Jury. Therefore, we find that relator cannot prevail on the facts alleged in the complaint, and relator's complaint is frivolous.

{¶ 6} Accordingly, we sua sponte dismiss relator's petition for a writ of mandamus. *See State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448, 674 N.E.2d 1381 (1997) ("Although *sua sponte* dismissal of a complaint without notice is generally inappropriate, it is warranted if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint."). Costs of this action are assessed against relator.

{¶ 7} The clerk is directed to serve upon the parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

Writ Denied.

Mark L. Pietrykowski, J.                    _____
                                                          JUDGE
Thomas J. Osowik, J.

Myron C. Duhart, P.J.                       _____
CONCUR.                                                   JUDGE

                                            _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.