**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rankin v. State*, Slip Opinion No. 2025-Ohio-4483.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4483

[THE STATE EX REL.] RANKIN, APPELLANT, *v.* THE STATE OF OHIO ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rankin v. State*, "Slip Opinion No." 2025-Ohio-4483.]**

*Mandamus—Private-citizen affidavits—Appellant failed to establish that he has a clear legal right to prosecution of offenses he had alleged in his private-citizen affidavit or that prosecutors have a clear legal duty to prosecute the offenses—Court of appeals' judgment granting prosecutors' motion to dismiss appellant's amended petition affirmed.*

(No. 2024-1781—Submitted May 13, 2025—Decided October 1, 2025.)

APPEAL from the Court of Appeals for Adams County, No. 24CA1203.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Bryan Rankin, appeals the judgment of the Fourth District Court of Appeals dismissing the petition for a writ of mandamus he filed against appellees, Adams County Prosecuting Attorney Aaron Haslam and Brown County Prosecuting Attorney Zachary Corbin.[1] Rankin had alleged in a private-citizen affidavit that offenses were committed by the judge who presided over his criminal trial and a witness who testified against him. He then asked the Fourth District to issue a writ of mandamus ordering appellees to prosecute the witness and the judge. The Fourth District granted appellees' motion to dismiss, holding that they have no clear legal duty to bring charges as requested. Rankin has appealed and has also moved to strike appellees' merit brief.

{¶ 2} We affirm the Fourth District's dismissal and deny Rankin's motion to strike.

## I. BACKGROUND

{¶ 3} Under R.C. 2935.09, a private citizen seeking to cause the arrest or prosecution of another person may charge a criminal offense by filing an affidavit with the clerk of a court of record. R.C. 2935.09(D). If the affidavit alleges a felony, unless there is reason to believe that the affidavit lacks merit or was not filed in good faith, either a warrant must be issued for the arrest of the person identified in the affidavit or the matter must be referred to the county prosecuting attorney for investigation. R.C. 2935.10(A).

{¶ 4} In July 2024, Rankin filed a private-citizen affidavit under R.C. 2935.09 in Adams County Court. The affidavit alleged two criminal offenses. The first alleged offense was that a witness committed perjury, a felony, when testifying against Rankin at his criminal trial for interference with custody. *See* R.C. 2921.11(F) (classifying perjury as a third-degree felony). The second alleged

---

1. Rankin listed the State of Ohio as a respondent in the caption of his petition, but he identified only Haslam and Corbin in his prayer for relief.

offense was that the judge who presided over the trial, Adams County Court Judge Roy E. Gabbert, knowingly made a false statement asserting that a police report is not a public record when he excluded the report from evidence at Rankin's trial, thereby depriving him of his "constitutional or statutory right" and violating the judge's oath of office.

{¶ 5} Rankin's private-citizen affidavit was referred to the Adams County Prosecutor's Office for investigation under R.C. 2935.10, and the prosecutor's office in turn referred the affidavit to a special prosecutor in Brown County. The special prosecutor investigated the allegations, determined that there was not sufficient evidence to indicate that a crime had been committed, and declined to pursue criminal charges. The special prosecutor then filed a notification of dismissal of the affidavit, stating that "the State having reviewed the evidence exercises its legal discretion and refuses to pursue criminal charges in this matter" against either the witness or Judge Gabbert.

{¶ 6} In August 2024, Rankin commenced this action in the Fourth District Court of Appeals, seeking a writ of mandamus to compel appellees to charge the witness with perjury. Appellees moved to dismiss, and Rankin filed an amended petition. In the amended petition, Rankin requested the same mandamus relief as he did in the original petition.[2] The amended petition refers to Rankin's private-citizen affidavit, but the affidavit is not attached as an exhibit, as it was to the original petition. Instead, Rankin filed an "amended legal affidavit" elaborating on the alleged perjury but omitting any reference to Judge Gabbert's allegedly false statement regarding the police report. Concurrently, Rankin filed a "motion to strike" appellees' motion to dismiss in which he clarified that he also was seeking

---

2. In addition, Rankin asserted in his original and amended petitions a public-records claim. Rankin concedes in his merit brief that the Fourth District did not err in dismissing the action with respect to this claim.

an order compelling appellees to prosecute Judge Gabbert—relief he had failed to request in either his original or his amended petition.

{¶ 7} Appellees moved to dismiss the amended petition for failure to state a claim under Civ.R. 12(B)(6), arguing that they do not have a clear legal duty to prosecute the criminal charges alleged in Rankin's affidavit. The Fourth District concluded that Rankin was not entitled to a writ compelling the State to prosecute the witness and Judge Gabbert, because R.C. 2935.10 does not require prosecution of all offenses alleged in a private-citizen affidavit and, thus, appellees had no clear duty to pursue the requested charges.[3] Accordingly, the Fourth District granted appellees' motion and dismissed Rankin's amended petition.

{¶ 8} Rankin appealed to this court as of right. He filed a motion to appoint counsel, which we denied. 2025-Ohio-39. He also asks this court to strike appellees' merit brief for violating our Rules of Practice.

## II. ANALYSIS

{¶ 9} This court reviews de novo a court of appeals' judgment dismissing a mandamus complaint under Civ.R. 12(B)(6). *State ex rel. Casey v. Brown*, 2023-Ohio-2264, ¶ 15. "Dismissal is justified 'if, after presuming all factual allegations in the complaint to be true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to a writ of mandamus.' " *Id*., quoting *State ex rel. A.N. v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-2071, ¶ 8. To be entitled to a writ of mandamus, Rankin must establish a clear legal right to the requested relief, a clear legal duty on the part of one or both of the appellees to provide it, and the lack of an adequate remedy in the ordinary course of the law. *Casey* at ¶ 15. He must do so by clear and convincing evidence. *State ex rel. Bunting v. Styer*, 2016-Ohio-5781, ¶ 10.

---

3. The Fourth District apparently construed Rankin's pleadings liberally as including a request for a writ compelling prosecution of Judge Gabbert.

4

**{¶ 10}** While Rankin's merit brief and other filings are difficult to parse, his principal argument appears to be that the Fourth District erred in denying his request for a writ of mandamus because appellees abused their discretion in refusing to prosecute the witness and Judge Gabbert. Because Rankin did not allege abuse of prosecutorial discretion in his amended petition and the Fourth District never considered this allegation, this argument cannot be considered on appeal. *See State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 18, quoting *During v. Quoico*, 2012-Ohio-2990, ¶ 43 (10th Dist.) ("'An appellant cannot change the theory of her case and present new arguments for the first time on appeal.'"). Accordingly, our analysis focuses on whether Rankin sufficiently alleged that he has a clear legal right to prosecution of the charges alleged in his private-citizen affidavit and that appellees have a clear legal duty to prosecute those charges.

### A. Motion to Strike

**{¶ 11}** As a preliminary matter, we address Rankin's motion to strike. Rankin argues that appellees' merit brief violates S.Ct.Prac.R. 16.03(B) because in it, appellees "fail[ed] to address propositions of law" as he had enumerated them in his merit brief and instead "ma[de] up their own non-responsive propositions of law and avoid[ed] [his]." Rankin contends that he asserted four "propositions of law" in his brief but that appellees instead addressed two different and unrelated points. He claims that to comply with S.Ct.Prac.R. 16.03(B), appellees' brief "would first have to correspond & answer [his] contentions by way of heading [his] propositions of law."

**{¶ 12}** Rankin's motion lacks merit. First, the language of the applicable rule does not support Rankin's interpretation. This court has interpreted S.Ct.Prac.R. 16.03(B)(1) as requiring that an appellee's brief "address each 'contention,' not each 'proposition of law.'" *Rance v. Watson*, 2022-Ohio-1822, ¶ 9. Appellees in this case have done so. Second, even assuming for the sake of argument some deficiency in appellees' merit brief, this court has generally

"declined to strike a brief when its shortcomings have not prejudiced the opposing party's ability to file a responsive brief or hindered this court's ability to decide the case," *State ex rel. Sultaana v. Mansfield Corr. Inst.*, 2023-Ohio-1177, ¶ 13, citing *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 2006-Ohio-903, ¶ 14. Rankin's motion to strike fails to establish that any alleged shortcomings in appellees' merit brief have prejudiced his ability to file his reply brief or hindered this court's ability to decide the case.

{¶ 13} We deny Rankin's motion to strike.

### B. Amended Petition

{¶ 14} Rankin argues on appeal that appellees should have prosecuted Judge Gabbert and the witness who testified against Rankin for the charges alleged in the private-citizen affidavit Rankin filed. As noted above, Rankin alleged in the affidavit that the prosecution's witness committed perjury when testifying against Rankin, that Judge Gabbert falsely stated during trial that a police report was not a public record, and that the judge violated his oath of office by refusing to admit the report into evidence.

#### 1. *Rankin does not have a clear legal right to the requested relief*

{¶ 15} To be entitled to a writ of mandamus, Rankin must show a clear legal right to prosecution of the charges alleged in his private-citizen affidavit. *See Casey*, 2023-Ohio-2264, at ¶ 15. However, the allegations asserted in the amended petition do not establish such a right. This court has consistently held that "'R.C. 2935.09 does not mandate prosecution of all offenses charged by affidavit.' " *State ex rel. Boylen v. Harmon*, 2006-Ohio-7, ¶ 6, quoting *State ex rel. Evans v. Columbus Dept. of Law*, 1998-Ohio-128, ¶ 5. Thus, Rankin's filing of a private-citizen affidavit under R.C. 2935.09 does not confer on him a right to prosecution of the alleged offenses. Rankin has not established a clear legal right to the requested relief.

6

### 2. *Appellees do not have a clear legal duty to provide the requested relief*

{¶ 16} Rankin's failure to satisfy the first element of entitlement to a writ of mandamus defeats his claim. But even if Rankin could show a clear legal right to the relief he requests, he would also have to show that appellees have a clear legal duty to bring the criminal charges alleged in his private-citizen affidavit. *See Casey* at ¶ 15. However, Rankin's allegations do not prove that such a duty exists. It is well established that "a prosecutor has no clear duty to prosecute an offense alleged in a [private-citizen] affidavit." *A.N.*, 2021-Ohio-2071, at ¶ 9; *accord State ex rel. Capron v. Dattilio*, 2016-Ohio-1504, ¶ 4; *see also Bunting*, 2016-Ohio-5781, at ¶ 18 (holding that prosecutor had no clear duty to prosecute crime alleged in private-citizen affidavit). R.C. 2935.10(A) prescribes the procedure to be followed once a private citizen has submitted an affidavit alleging a felony. Unless there is reason to believe that the affidavit lacks merit or was not filed in good faith, the statute requires either that a warrant be issued for the alleged offender's arrest or that the matter be referred to the prosecuting attorney for investigation. R.C. 2935.10(A); *see also State ex rel. Strothers v. Turner*, 1997-Ohio-154, ¶ 7 (summarizing procedure to be followed once a private-citizen affidavit has been filed). The statute does not impose on a prosecuting attorney a duty to prosecute charges alleged in a private-citizen affidavit. In sum, neither the allegations in Rankin's amended petition nor the plain language of the statute establish a clear legal duty on the part of one or both of the appellees to provide the requested relief.

### III. CONCLUSION

{¶ 17} In light of the foregoing, by failing to show a clear legal right to the requested relief and a clear legal duty on appellees' part to provide it, Rankin has failed to state a claim that would entitle him to a writ of mandamus. We affirm the Fourth District Court of Appeals' judgment dismissing Rankin's amended petition for a writ of mandamus and we deny his motion to strike appellees' merit brief.

Judgment affirmed.

_____

Bryan Rankin, pro se.

Engel & Martin, L.L.C., and Joshua Adam Engel, for appellees.

_____