[Cite as *State ex rel. Howard v. Condon*, 2026-Ohio-1516.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO ex rel.
HASAN HOWARD,

     Relator,

     - vs -

THE HONORABLE PATRICK
CONDON, JUDGE, LAKE COUNTY
COURT OF COMMON PLEAS,

     Respondent.

CASE NO. 2026-L-0008

Original Action for
Writ of Mandamus

---

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: April 27, 2026
Judgment: Petition dismissed

---

*Howard Hasan*, pro se, PID# 46759-509, FCI Three Rivers, P.O. Box 4200, Three Rivers, TX 78071 (Relator).

*Charles E. Coulson*, Lake County Prosecutor, and *Eric J. Foisel*, Assistant Prosecutor, Lake County Administration Building,105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

PER CURIAM.

{¶1} On February 3, 2026, relator, Hasan Howard, filed a petition for a writ of mandamus. Thereafter, respondent moved to dismiss the petition. For the reasons that follow, we dismiss.

{¶2} In his petition, Howard maintains that he has been incarcerated in federal custody for 55 months. Howard states that, during his incarceration, the Lake County Court of Common Pleas issued a warrant for him on a community control violation

complaint and filed a detainer with the institution with which he is incarcerated. Howard maintains that he has moved respondent to quash the warrant or schedule a prompt community control violation hearing, but his motions have been denied, and no violation hearing has been scheduled. Howard anticipates release from federal custody on October 14, 2026, and argues that respondent's inaction on the community control violation complaint has caused him adverse consequences with respect to his custody and reentry planning. Howard maintains that the respondent has a clear legal duty to act on the warrant by conducting a community control violation hearing or quashing the warrant and lifting the detainer.

{¶3}   On February 19, 2026, respondent filed a motion to dismiss Howard's petition for failure to state a claim under Civ.R. 12(B)(6).

{¶4}   Civ.R. 12(B)(6) allows a responding party to raise the defense of "failure to state a claim upon which relief can be granted" by motion. "'Dismissal of a mandamus action under Civ.R. 12(B)(6) is appropriate if, after presuming all factual allegations in the complaint to be true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to a writ of mandamus.'" *State ex rel. Roush v. Hickson*, 2024-Ohio-4741, ¶ 8, quoting *State ex rel. A.N. v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-2071, ¶ 8; *see also State ex rel. Massengale v. O'Malley*, 2025-Ohio-5387, ¶ 4.

{¶5}   "Mandamus is a writ issued to a public officer to perform an act that the law enjoins as a duty resulting from his or her office." *State ex rel. Widmer v. Mohney*, 2008-Ohio-1028, ¶ 31 (11th Dist.), citing R.C. 2731.01. "For a writ of mandamus to issue, the relator must establish a clear legal right to the relief prayed for; the respondent must have

a clear legal duty to perform the act; and the relator must have no plain and adequate remedy in the ordinary course of the law." *Widmer* at ¶ 31, citing *State ex rel. National Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79, 80 (1988).

{¶6} Here, taking as true the factual assertions set forth in Howard's petition, respondent argues that he is not entitled to a hearing on, or dismissal of, the community control violation complaint prior to his completion of his federal sentence. In support, respondent relies on R.C. 2951.07 and 2963.30.

{¶7} R.C. 2951.07 provides:

> A community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limit specified in section 2929.15 or 2929.25 of the Revised Code, may be extended. If the offender under community control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, or if the offender is confined in any institution for the commission of any offense, the period of community control ceases to run until the time that the offender is brought before the court for its further action.

{¶8} Respondent maintains, pursuant to R.C. 2951.07, Howard's community control has been tolled until he is brought back before the court for further action.

{¶9} Pursuant to R.C. 2963.30, the Interstate Agreement on Detainers, an inmate must be brought to trial within 180 days of his notification to the place of his imprisonment and his request for final disposition of an untried indictment, information, or complaint. R.C. 2963.30, art. III, § (a). However, the United States Supreme Court in *Carchman v. Nash*, 473 U.S. 716, 725 (1985), held:

> The language of the Agreement [R.C. 2963.30] therefore makes clear that the phrase 'untried indictment, information or complaint' in Art. III refers to criminal charges pending against a prisoner. A probation-violation charge, which does not

Case No. 2026-L-0008

accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, thus does not come within the terms of Art. III.

{¶10} Therefore, Howard's community control violation complaint is not a "complaint" within the meaning of R.C. 2963.30, art. III, § (a).

{¶11} However, irrespective of R.C. 2963.30, Howard contends that the delay in holding a hearing on the community control violation is extreme, has caused him harm, and violates his due process rights.

{¶12} In a similar context involving a parole violator imprisoned on a new offense awaiting a hearing on the parole violation, the Supreme Court of Ohio held:

> [U]nder federal due process principles, no liberty interest attaches until a parolee is taken into custody pursuant to the detainer. If a loss of liberty is attributable to detention for new crimes, the parole authority has no constitutional duty to hold an immediate parole revocation hearing, regardless of his request therefor.

*State ex rel. Taylor v. Ohio Adult Parole Auth.*, 66 Ohio St.3d 121, 125 (1993).

{¶13} Likewise, here, Howard's liberty interest with respect to his community control violation complaint does not attach until he is taken into custody on the detainer. Accordingly, Howard's petition does not state a clear right to a prompt hearing on the community control violation complaint or a clear legal duty on the part of respondent to hold a hearing on the complaint at any particular time.

{¶14} Accordingly, Howard's petition for mandamus fails on its face. Therefore, respondent's motion to dismiss is granted, and the petition for writ of mandamus is dismissed.

MATT LYNCH, P.J., EUGENE A. LUCCI, J., ROBERT J. PATTON, J., concur.

Case No. 2026-L-0008

## JUDGMENT ENTRY

For the reasons stated in the per curiam opinion of this court, respondent's motion to dismiss is granted, and the petition for writ of mandamus is dismissed.

Costs to be taxed against relator.

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE ROBERT J. PATTON,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2026-L-0008